The opinion of the court was delivered by
Judge Peck:
Catron, J. dissenting.
This cause was heard before the act of 1319, when it was the practice upon the hearing to examine viva voce, testimony. A final decree was made, and a re-hearing granted, and a motion is now made for leave to take testimony at large, without being confined to the testimony examined at the hearing. It is argued in opposition to this motion, first, that no testimony can be taken at all, but that v/hich is already to be found amongst the records; arid, secondly, that if the witnesses who were sworn on the hearing may be examined again, that no others shall be examined. A re-hearing may be granted as in England, for reconsidering the testimony, and for correcting any improper conclusions drawn from it at the hearing; or for correcting mistakes in law, where there is no mistake of the true import of the evidence^ In such case, all the testimony the court had on the hearing, mfist. he again re-examined, and the wrong conclusions upon it made at the hearing must be corrected, and the final decree amended, in case of any mistake, discovered. Testimony filed in court, and by mistake overlooked and not examined, should be taken up and examined on the rehearing. But as tho parties by coming to a hearing, are *141 supposed to have been ready with all the testimony they deemed material, and as at this period they had been allowed time for the collection of their testimony, and might have put off the hearing, (if for some uncontrollable cause there is material testimony which they had not obtained,) they are not allowed afterwards to go into farther proofs; for this would make litigation endless. Here the parties had several years before the hearing, in which their testimony might have been taken. But by the practice in this state, some few special exceptions are made to this general rule; as a bill of review would lie for newly discovered testimony, the court to prevent the necessity of a bill of review, would re-hear the cause for the purpose of receiving the newly discovered evidence, going one step further upon a re-hearing, than is permissible by the practice in England. For by our practice, if testimony be newly discovered which the applicant for re-hearing coaid not use on the hearing, and that testimony and the import of it be specified, ,and appear to be material, such as would probably cause an alteration in the decree already pronounced, the court will re-hear the cause in order to let it in, and will give leave to produce it. It will go one step further; and if the party be surprised by evidence on the hearing, upon which an unexpected reliance was placed by the court, and this can be satisfactorily answered and explained by other testimony, not taken and produced on the hearing; for this cause also, if made out to the satisfaction of the court, and perhaps a few others of the same nature, a re-hearing will be grant-ted, in order tfifet such testimony may be produced and examined on the re-hearing. But then the materiality must be shown to the court, by stating the nature of the testimony, and stating precisely what it will be when taken; and the court must be satisfied, that such testimony really exists, and that it can be produced, and that the applicant for re-hearing has not been culpably negligent in not procuring it before.
If the testimony given on the hearing, and which it is now wished to have re-examined, was parol testimony, the *142 witnesses who gave it, must now make their depositions; ^ there is no other mode by which the testimony can now be submitted to the re-examination of the court, and of necessity it must be given in deposition; for otherwise it cannot be re-examined, and the court cannot know whether correct conclusions were drawn from it or not.
In the case of a bill of review at Kingston, Green vs. Huffare, Whyte and Emmerson, Judges, would not permit additional parol testimony to be taken in depositions ; nor would they permit depositions which had been taken after the decree, to be read upon the hill of review. To apply these rules, which are found in 4 Hay. 53, to the present case, it is not stated in the affidavit which is now offered, who are the witnesses sought to be examined, and what they can swear, that the court may see whether it be material or not; nor does it appear why it was not taken before, nor what part of the testimony unexpectedly relied on by the court at the hearing, it is intended to answer or explain.
To go generally into all depositions that can be taken, whether to answer any of these purposes or not, is to permit the cause to be indefinitely postponed, and is attended not only with very vexatious delay, in favor of persons already decided against, and who are therefore probably just debtors to the complainant, and whose interest, therefore, it will be to procrastinate the re-hearing to as late a day as possible.
There being no particular evidence shown to be material, and not/yet taken, which the court thinks may cause the decree to be varied, it would be injustice to the complainants to keep the decree suspended, upon the mere possibility that some new and material evidence may yet he taken.
I am of opinion, and such is the opinion of the court, that the witnesses examined on the hearing, may now be examined again, and their depositions he taken; and that no others be taken.
Order made accordingly.